| | |
|---|---|
| 1 | ROB BONTA |
| | Attorney General of California |
| 2 | ANDREW M. VOGEL |
| | Supervising Deputy Attorney General |
| 3 | JAY C. RUSSELL |
| | Deputy Attorney General |
| 4 | State Bar No. 122626 |
| |   455 Golden Gate Avenue, Suite 11000 |
| 5 |   San Francisco, CA 94102-7004 |
| |   Telephone: (415) 510-3617 |
| 6 |   Fax: (415) 703-5843 |
| |   E-mail: Jay.Russell@doj.ca.gov |
| 7 | *Attorneys for Intervenor Rob Bonta, Attorney General of California* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **RYAN TUTTLE,**<br><br>                       Plaintiff,<br><br>v.<br><br>**RICHARDSON'S BAY REGIONAL AGENCY,** ET AL.<br><br>                       Defendants. | 3:21-cv-03019-CRB<br><br>**INTERVENOR CALIFORNIA ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Related Case: *Kelly v. Richardson's Bay Regional Agency et al*, Case No. 20-cv-06791 CRB]<br><br>Date:      October 15, 2021<br>Time:     10:00 a.m.<br>Dept:      Courtroom 6<br>Judge:    Hon. Charles R. Breyer<br>Trial Date: Not Scheduled<br>Action Filed: April 26, 2021 |

**TABLE OF CONTENTS**

Page

Notice of Motion ........................................................................................................................ 1
Introduction .............................................................................................................................. 1
Background .............................................................................................................................. 2
Argument .................................................................................................................................. 5
    I.    Because the challenged code sections allow marine debris to be seized only after notice, they provide adequate procedural due process. ................................. 5
    II.    If Intervenor's motion is not granted, the court should address all non-constitutional issues before addressing the constitutionality of the challenged code sections. ........................................................................................... 8
Conclusion ................................................................................................................................ 9

i

Intervenor Attorney General's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
(3:21-cv-03019-CRB)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ................................................................................................ 4

*Goichman v. Rheuban Motors, Inc.*
   682 F.2d 1320 (9th Cir. 1982) .............................................................................................. 7

*Gollub v. City of Sausalito*
   No. 18-cv-07386-VC, 2019 WL 4458788 (N.D. Cal. Sept. 17, 2019) ................................. 8

*Greene v. McElroy*
   360 U.S. 474 (1959) ............................................................................................................ 6

*Gulf Oil Co. v. Bernard*
   452 U.S. 89 (1981) .............................................................................................................. 8

*Knievel v. ESPN*
   393 F.3d 1068 (9th Cir. 2005) ............................................................................................. 4

*Lent v. California Coastal Com.*
   62 Cal. App. 5th 812 (2021) ................................................................................................ 7

*Mathews v. Eldridge*
   424 U.S. 319 (1976) ....................................................................................................... 6, 7

*Meinhold v. U.S. Dep't of Def.*
   34 F.3d 1469 (9th Cir. 1994) ............................................................................................... 8

*Morrissey v. Brewer*
   408 U.S. 471 (1972) ............................................................................................................ 5

*Ryan v. Cal. Interscholastic Fed'n-San Diego Section*
   94 Cal.App.4th 1048 (2001) ................................................................................................ 6

*S.D. Myers, Inc. v. City & County of San Francisco*
   253 F.3d 461 (9th Cir. 2001) ............................................................................................... 5

*Scofield v. City of Hillsborough*
   862 F.2d 759 (9th Cir. 1988) ............................................................................................... 5

*Traverso v. People ex rel. Department of Transportation*
   6 Cal. 4th 1152 (1994) ................................................................................................ 6, 7, 8

ii

Intervenor Attorney General's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
(3:21-cv-03019-CRB)

**TABLE OF AUTHORITIES**
(continued)

Page

*United States ex rel. Madden v. General Dynamics Corp.*
    4 F.3d 827 (9th Cir. 1993) ............................................................................................... 5

*United States v. National Dairy Prods. Corp.*
    372 U.S. 29 (1963) ......................................................................................................... 5

*United States v. Salerno*
    481 U.S. 739 (1987) ....................................................................................................... 5

*W. Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) ........................................................................................... 4

**STATUTES**

California Business and Professions Code
    § 5463 .............................................................................................................................. 6

California Harbors and Navigation Code
    § 550 ...................................................................................................................... *passim*
    § 550(b) ........................................................................................................................... 2
    § 551 ...................................................................................................................... *passim*
    § 551 .................................................................................................................... 3, 4, 5, 7
    § 551(a)1 .......................................................................................................................... 7
    § 551(a)(1)(A) ................................................................................................................. 3
    § 551(a)(1)(B) ................................................................................................................. 3
    § 551(a)(1)(C) ................................................................................................................. 3
    § 551(a)(1)(D) .............................................................................................................. 3, 7
    § 551(a)(2)(A) ................................................................................................................. 3
    § 551(a)(2)(B) ................................................................................................................. 3
    § 551(b) ........................................................................................................................... 7

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Fourteenth Amendment .................................................................................................. 5

**COURT RULES**

Federal Rule of Civil Procedure
    Rule 5.1(b) ...................................................................................................................... 4
    Rule 12(b)(6) ............................................................................................................... 1, 4

iii

Intervenor Attorney General's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
(3:21-cv-03019-CRB)

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2021, at 10:00 am, in Courtroom 6, 17th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as may be heard, Intervenor Rob Bonta, Attorney General of California, will move for an order dismissing the fourth cause of action in Plaintiff Ryan Tuttle's Complaint for Damages and Injunctive Relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Specifically, Plaintiff's fourth cause of action does not state a claim for a violation of a constitutional right on which relief can be granted, as Plaintiff's due-process rights under the United States and California Constitutions have been satisfied upon Plaintiff's receipt of adequate notice of the pending seizure of his property, which allowed Plaintiff adequate time to respond and object to that notice prior to seizure.

The motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file with the Court in this action, and such other evidence that the Court may consider at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Ryan Tuttle, the apparent owner of the marine vessel "Trident," seeks injunctive relief and monetary damages against Defendants Curtis Havel and Richardson's Bay Regional Agency for the seizure and destruction of Tuttle's vessel. In the fourth cause of action in Tuttle's complaint, he alleges that California Harbors and Navigation Code sections 550 and 551 violate his due-process rights under the United States and California Constitutions. The State enacted these statutes to protect beaches, waterways, and marine resources from the threats posed by loose debris. Harbors and Navigation Code sections 550 and 551 empower State and local governmental agencies to remove wrecks, hulks, and other parts of ships that are no longer truly vessels. But these agencies can only do so after conspicuous public posting and written notice to

1

Intervenor Attorney General's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
(3:21-cv-03019-CRB)

identified owners. Given that requisite notice, these laws do not violate either the United States or California Constitutions.

Tuttle alleges that Harbors and Navigation Code sections 550 and 551 violate "due process requirements by not providing for a hearing." But these laws allow the State to seize and remove marine debris only after owners have been provided reasonable notice. Both the United States and California Supreme Courts have found that a forfeiture statute that requires notice before property is seized satisfies the Fourteenth Amendment's procedural due-process protections, as such notice implies a right to be heard.

Because Tuttle's challenge is legally unviable, his fourth cause of action fails to state a claim on which relief can be granted, and the Court should dismiss it.

## BACKGROUND

Tuttle alleges that he "was the owner, bareboat charterer or otherwise was the owner *pro hac vice*" of a vessel named the "Trident." (Compl. ¶ 7.) This vessel allegedly was "seaworthy or was reasonably fit or capable of being made fit" for use as a marine vessel. (*Id.*) Tuttle further alleges that Defendant Richardson's Bay Regional Agency (RBRA) enacted ordinances allowing the removal of unseaworthy vessels, which ordinances "employed" the language of California Harbors and Navigation Code sections 550 and 551. (*Id.* ¶ 29.)

California's Legislature added Harbors and Navigation Code sections 550 and 551 in 2016.[1] Section 550 defines the various terms used throughout Chapter 3, Article 3 of the Code. Section 550(b) defines "marine debris" as "a vessel … including a derelict, wreck, hulk, or part of any ship … or dilapidated vessel, that is unseaworthy and not reasonably fit or capable of being made fit to be used as a means of transportation by water."

---

[1] Sections 550 and 551 were added to the code under Assembly Bill (AB) 1323. Before AB 1323's passage, the California's Public Resources Code had allowed the California State Lands Commission to remove derelict vessels "by immediate action, without notice, if the vessel pose[d] a significant threat to public health, safety, or welfare or to sensitive habitat, wildlife, or water quality, or that constitute[d] a public nuisance." Cal. Bill Analysis, A.B. 1323 Assem., Apr. 27, 2015. Thereafter, after a 30-day notice period, the vessel could be destroyed. *Id.* Among other things, AB 1323 gave local governments authority—following adequate notice—to remove derelict vessels from their waterways.

Section 551 allows the State and other governmental agencies to remove from public waters, beaches, and tidelands any "object [that] meets the definition of marine debris … and has no value or a value that does not exceed the cost of removal and disposal." Cal. Harb. & Nav. Code § 551(a)(1)(A). An agency may do so subject to several conditions. First, if the marine debris or object bears a "discernable registration, hull identification number, or other identification insignia, a notice is attached to [it] … and sent to the owner, if known, at the owner's address of record with the Department of Motor Vehicles, by certified or first-class mail." Cal. Harb. & Nav. Code § 551(a)(1)(C). Second, whether or not there is discernable registration or identification, "a peace officer or authorized public employee securely attaches a notice stating that the marine debris shall be removed by the public agency if not claimed or removed within 10 days." Cal. Harb. & Nav. Code §§ 551(a)(1)(B), (a)(1)(C). Third, the posted notice must bear the name, address and telephone number of the agency providing it, and the marine debris must "remain[] in place for 10 days from the date of attaching the notice … or from the date the notice letter was sent, whichever is later, before being removed." Cal. Harb. & Nav. Code §§ 551(a)(1)(D), (a)(2)(A). Fourth, any mailed notice must contain this same information, along with a warning that the debris will be disposed of after ten days, with an explanation of the methods to claim or recover the debris before disposal. Cal. Harb. & Nav. Code § 551(a)(2)(B).

Tuttle concedes that sections 550 and 551 provided RBRA "with another statutory tool to control" the condition of Richardson's Bay. (Compl. ¶ 30.) But Tuttle asserts that RBRA "ignored the definition of 'marine debris' found in [section] 550(b)," and that Defendants RBRA and Curtis Havel have applied RBRA's "own definition of what property was subject to [section] 551, which definition was much broader and impermissibly vague." (*Id.* ¶¶ 32-33.)

Tuttle alleges that on March 10, 2021, Defendant Havel seized his vessel and had it towed to the Army Corps of Engineers dock in Sausalito. (Comp. ¶ 48.) Tuttle further asserts that the vessel was "seaworthy and/or capable of being made fit for transport," and "thus did not meet the definition of 'marine debris' in [section] 550(b)" or "the mandatory criteria in [section] 551(b)."

*Id*. ¶¶ 48-50.)[2] In his fourth cause of action, Tuttle states—as an "alternate pleading"—that if Defendants "contend that [section 551 does] not require a post-seizure holding period, then the statutory scheme deprives [Plaintiff] of procedural due process in that the statutory scheme denies him the opportunity to a hearing on the issue of whether [his vessel] was marine debris." (*Id.* ¶ 79.)

Tuttle thereafter filed a "Notice That Constitutionality of a State Statute Is Questioned," questioning the constitutionality of Harbors and Navigation Code sections 550 and 551. The Court granted the California Attorney General's motion under Federal Rule of Civil Procedure 5.1(b) to intervene and defend these statutes on July 13, 2021. (ECF No. 27.)

**STANDARD OF REVIEW**

Failure to state a claim upon which relief can be granted provides grounds for dismissal. Fed. R. Civ. P. 12(b)(6). Dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

On a motion to dismiss under Rule 12(b)(6), the court treats all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The court, however, need not accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

As shown below, Tuttle's fourth cause of action—whether framed as an "alternate pleading" or otherwise—fails as a matter of law because California's statutory framework provides potential parties with sufficient notice pre-seizure, thus satisfying procedural due-process requirements. This Court should dismiss the fourth cause of action in the complaint.

---

[2] Tuttle's complaint omits any reference to notice that he may have been provided under section 551.

4

## ARGUMENT

### I. BECAUSE THE CHALLENGED CODE SECTIONS ALLOW MARINE DEBRIS TO BE SEIZED ONLY AFTER NOTICE, THEY PROVIDE ADEQUATE PROCEDURAL DUE PROCESS.

Harbors and Navigation Code section 551 states that marine debris may be seized only after notice is attached to the debris and mailed to the vessel owner, if an owner can be identified.[3] Courts have found that statutes like section 551 that require such notice imply a right to a hearing and satisfy procedural due-process requirements. By receiving pre-deprivation notice, Tuttle received the process to which he was due without the additional post-deprivation notice that he now demands. Tuttle's fourth cause of action challenging sections 550 and 551 thus fails as a matter of law.

Any inquiry into the constitutionality of a statute must begin with the presumption that the statute is constitutional. *See United States v. National Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963); *United States ex rel. Madden v. General Dynamics Corp.*, 4 F.3d 827, 830 (9th Cir. 1993). And to successfully assert a facial challenge to a statute, the challenging party must "establish that *no* set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987) (emphasis added); *S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001).

When a protectable property interest is subject to seizure by the state, the Fourteenth Amendment's procedural due-process protections arise, although in many instances "the question remains what process is due." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972). "To determine what procedures are required, [courts] balance the competing government and private interests." *Scofield v. City of Hillsborough,* 862 F.2d 759, 762, (9th Cir. 1988) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), and *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir. 1982)). Undertaking that balancing of interests requires a court to examine (1) the private interest affected; (2) the risk of an erroneous deprivation of such interest through the procedures used; and

---

[3] Although Tuttle included section 550 in his notice challenging constitutionality, that section sets forth statutory definitions only. As such, it does not and cannot implicate the Fourteenth Amendment and Tuttle's procedural due-process rights.

5

Intervenor Attorney General's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
(3:21-cv-03019-CRB)

(3) the governmental interests, including the burden that additional procedural safeguards might entail. *Mathews*, 424 U.S. at 335. Apart from considerations inapplicable here, the "balancing test for determining what procedural protections are warranted, given the governmental and private interests involved, is essentially identical to that employed under the federal analysis." *Ryan v. Cal. Interscholastic Fed'n-San Diego Section,* 94 Cal.App.4th 1048, 1071 (2001) (citing *Matthews* 424 U.S. at 335, 347-49).

Both the United States and California Supreme Courts have held that absent an express statutory bar on further proceedings, procedural due process is satisfied when pre-deprivation notice is provided, because such notice impliedly offers the owner of seized property an opportunity to be heard. In *Greene v. McElroy*, 360 U.S. 474 (1959), the government revoked an aeronautical engineer's security clearance. The Supreme Court held that the government could not, absent authorization from statute or the President, deprive the petitioner of civilian employment by revoking his security clearance without first giving him an opportunity to examine evidence and confront witnesses against him. *Id.* at 508. In so finding, the Supreme Court explained that it was not deciding what procedures were constitutionally compelled, but only that petitioner could not be deprived of certain procedures in the absence of legislation that authorized that deprivation without a hearing. *Id.*

Courts have subsequently relied on *Greene* to find that procedural due process is adequately protected by giving pre-deprivation notice, because such notice implies the right to a hearing unless legislative action expressly bars such a hearing. In *Traverso v. People ex rel. Department of Transportation*, 6 Cal. 4th 1152 (1994), the California Department of Transportation (CalTrans) rejected an owner's request to rebuild an outdoor advertisement after the owner had received written notice that such reconstruction would not be allowed under the revised California Outdoor Advertising Act and failed to respond. *Id*. at 1158. The California Supreme Court held that California Business and Professions Code section 5463—which at the time provided for a 10–day notice to billboard owners that their advertising was non-conforming—satisfied due-process requirements. *Id.* at 1164.[4] Citing *Greene,* the Court explained that while due process

---
[4] Section 5463 was later amended to provide for a 30-day notice period.

6

requires notice and an opportunity to be heard before property rights may be impaired, a right to be heard was implied in the notice requirement. *Id.* at 1164-65. The Court further explained that absent an express legislative prohibition on hearings following an objection to the notice, the law was constitutional. *Id.* Specifically, the Court found that "[t]he 10–day period [could] serve only one function: to allow the billboard owner sufficient time to investigate and, if appropriate, to contest CalTrans's determination that a violation has occurred. Nothing in the Act or the regulations indicates that CalTrans would refuse to afford the billboard owner a hearing on request." *Id.* at 1166; accord, *Lent v. California Coastal Com.*, 62 Cal. App. 5th 812, 840 (2021) (holding that procedural due process requires only "'reasonable notice and a reasonable opportunity to be heard'") (citations omitted); see also *Goichman v. Rheuban Motors, Inc.* 682 F.2d 1320, 1325 (9th Cir. 1982) (under *Matthews v. Eldridge,* 424 U.S. 319 (1976), a vehicle's seizure without notice was constitutionally permissible when notice and opportunity to be heard were provided post-seizure).

Tuttle's challenge to Harbors and Navigations Code sections 550 and 551 disregards this precedent. Tuttle alleges that section 550 and 551 "do not require a post-seizure holding period," thus depriving him "the opportunity to a hearing on the issue of whether or not m/v TRIDENT was marine debris." (Compl. ¶ 79.) But as discussed above, these statutes do not—except in emergencies—allow governmental agencies to remove and destroy marine debris immediately and without prior notice.[5] Instead, section 551 permits public agencies to remove vessels deemed to be marine debris only after the agency gives the owner written notice—either by certified or first-class mail or physical posting on the vessel—that the vessel "shall be removed by the public agency if not claimed or removed within 10 days." Cal. Harb. & Nav. Code, § 551(a)1)(B). Only when the marine debris "remains in place for 10 days" after the date of that notice can the governmental agency remove the property. Cal. Harb. & Nav. Code § 551(a)(1)(D). As in *Traverso*, that 10-day period serves only one function: to allow owners sufficient time to

---

[5] Marine debris "that constitutes a public nuisance or a danger to navigation, health, safety, or the environment may be removed and disposed of immediately." Cal. Harb. & Nav. Code § 551(b). Even then, post-seizure notice must be given. *Id.*

7

investigate and, if appropriate, contest the determination that their vessels are marine debris subject to removal from a State waterway. *See Traverso,* 6 Cal. 4th at 1166-67.

Because the 10-day notice period impliedly allowed Tuttle (and similarly situated owners) the opportunity to object to the seizure of his vessel and demand a hearing, and because Harbors and Navigation Code sections 550 and 551 do not prohibit or otherwise impair an owner's ability to request such a hearing, these statutes are constitutionally valid. Tuttle cannot amend to plead around this facial defect in his claim. Tuttle's fourth cause of action should be dismissed.

## II. IF INTERVENOR'S MOTION IS NOT GRANTED, THE COURT SHOULD ADDRESS ALL NON-CONSTITUTIONAL ISSUES BEFORE ADDRESSING THE CONSTITUTIONALITY OF THE CHALLENGED CODE SECTIONS.

As shown above, Tuttle's fourth cause of action fails to state a claim on which relief can be granted and should be dismissed. But to the extent that the Court is not inclined to grant Intervenor's motion immediately, the Court should defer addressing the constitutionality of California's Harbors and Navigation Code sections 550 and 551 until after it first adjudicates all other issues that may resolve the litigation. "[P]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981); *Meinhold v. U.S. Dep't of Def.*, 34 F.3d 1469, 1474 (9th Cir. 1994) ("[I]f there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality … unless such adjudication is unavoidable." (citation omitted)).

In cases involving factual and legal allegations similar to those Tuttle makes here, defendants have successfully moved to dismiss several causes of action and parties. *See, e.g., Gollub v. City of Sausalito,* No. 18-cv-07386-VC, 2019 WL 4458788, at *2-4 (N.D. Cal. Sept. 17, 2019) (dismissing due-process, conspiracy, maritime "hijacking," and conversion claims). To avoid unnecessary constitutional adjudication, the Court should first allow for and resolve similar allegations here before addressing Tuttle's constitutional challenge to Harbors and Navigation Code sections 550 and 551.

# CONCLUSION

Because Harbors and Navigation Code sections 550 and 551 provide Tuttle and others similarly situated with adequate notice before property is seized, these sections do not run afoul of the Fourteenth Amendment's procedural due-process clause. Accordingly, Plaintiff's fourth cause of action challenging these laws—and any related allegations—should be stricken from the Complaint. To the extent that the Court is not inclined to grant Intervenor's motion immediately, all issues raised in this litigation should be resolved before the Court considers Tuttle's constitutional challenge.[6]

Dated: September 10, 2021

Respectfully Submitted,

ROB BONTA
Attorney General of California
ANDREW M. VOGEL
Supervising Deputy Attorney General

*[signature]*

JAY C. RUSSELL
Deputy Attorney General
*Attorneys for Intervenor Rob Bonta,
Attorney General of California*

LA2021602052
42862429.docx

---

[6] The California Attorney General's Office acknowledges Anuraj K.C. Shah, Stanford Law School Class of 2022 J.D. Candidate, for his substantial contributions to this brief.

9

Intervenor Attorney General's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities
(3:21-cv-03019-CRB)

# CERTIFICATE OF SERVICE

Case Name: ***Tuttle v. Richardson's Bay Regional Agency, et al.***   Case No. **3:21-cv-03019-AGT**

I hereby certify that on <u>September 10, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **INTERVENOR CALIFORNIA ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 10, 2021</u>, at San Francisco, California.

M. Mendiola
Declarant

*M. Mendiola*
Signature

LA2021602052
42866889.docx